■ BANKERS TRUST COMPANY, Respondent-Appellant, v STANFORD BRANDS, INC., et al., Defendants-Appellants-Respondents and Third-Party Plaintiffs. MARTIN SIMON, Third-Party Defendant-Respondent-Appellant.— Order, Supreme Court, New York County, entered June 8, 1978, making certain directions as to disclosure proceedings, is unanimously modified, on the law and the facts, and in the exercise of discretion, in the following respects: (1) With respect to the examination and production of documents of Manufacturers Hanover Trust and Chase Manhattan Bank as witnesses (a) the examinations and production shall cover the period from January 1, 1975 through January, 1977 as to Manufacturers Hanover, and from February, 1974 through January, 1977 as to Chase; (b) the references in the subpoenaes and notices of examination to Madeline T. Dziena shall not be deleted; and (c) the references in the subpoena and notice of examination of Chase Manhattan Bank to the account of Stanford Brands, Inc., shall be deleted. (2) The direction to defendant Dennis Dziena to produce income tax returns shall be without prejudice to any application that Madeline T. Dziena may make at Special Term to limit the inspection of such income tax returns with respect to any specific portions claimed by her to be privileged. (3) The order is otherwise affirmed, without costs and without disbursements, on appeal to any party against the other. There have been extensive and elaborate disclosure proceedings in this case, perhaps excessively so. We are inclined to be guided on this application by the stipulation entered into between the parties dated February 28, 1978, with respect to production of documents by defendants so far as same may be applicable to the present situation and to the examination of the witnesses Manufacturers Hanover Trust and Chase Manhattan Bank. By the stipulation, defendant Dziena agreed to exhibit his income tax returns. He is not excused from this obligation by the fact that the returns happen to be joint returns with his wife Madeline T. Dziena. Particularly is this true as we are satisfied that Madeline Dziena is aligned in this litigation with defendant Dennis Dziena. However, we protect any legitimate claim of Madeline Dziena that particular portions of the returns are privileged and should not be exhibited by preserving to her the right to apply at Special Term to limit the inspection of such returns with respect to any such claimed privileged portions. With respect to the examinations of and production by the banks, we note that by

the stipulation, defendants agreed to produce all the items mentioned in a notice to produce previously served. These items included bank statements of any accounts by the various corporations involved or either of the Dzienas at Manufacturers Hanover Trust during the period from 1975 to 1977, as well as all records of all checks deposited in the accounts of the two subsidiary corporations Bonded and Bronx or either of the Dzienas for merchandise shipped by the two subsidiary corporations. Taking these two together, there appears to be no reason to impose the limitations imposed at Special Term on the examination and production of records by Manufacturers Hanover Trust. With respect to Chase Manhattan Bank, the same applies as to the accounts, if any, of Bonded and Bronx and the two Dzienas at that bank. But the stipulation does not appear to cover the account of Stanford Brands, Inc., at Chase Manhattan Bank. The examinations of the banks shall be held at the office of plaintiff's attorney on a date to be fixed by such attorney on at least 10 days' written notice and the tax returns shall be produced at said office on or prior to that date. Concur—Birns, J. P., Silverman, Evans, Lane and Yesawich, JJ.